UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA M.B. ANDERSON,<br><br>  Plaintiff,<br><br>  v.<br><br>DARRELL ADAMS, et al.,<br><br>  Defendants. | Case No.: 1:16-cv-01931-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S REQUESTS FOR PRELIMINARY INJUNCTION<br><br>[ECF Nos. 3, 8] |

Plaintiff Donna M.B. Anderson is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff declined United States Magistrate Judge jurisdiction; therefore, this action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 28, 2016, Plaintiff filed a motion for a preliminary injunction.  (ECF No. 3.) Plaintiff filed a second request for order to show cause and/or preliminary injunction on January 30, 2017.  (ECF No. 8.)

**I.**

**DISCUSSION**

In the first request, Plaintiff seeks a preliminary injunction be issued because she will suffer irreparable harm to her religious practices and rights if Defendants remove tabernacle and electric candle from the chapel.  (ECF No. 3, Mot. at 1.)

1

In the second request, Plaintiff seeks a preliminary injunction be issued because she will suffer irreparable harm to her relief practices and rights if Defendants remove tabernacle and electric candle from the chapel. In addition, Plaintiff requests appointment of an effective interim chaplain or Catholic volunteer, Defendants be compelled to maintain a neutral stances toward Catholic inmates, and to prevent Plaintiff and all Catholic inmates from transfer to another institution during the pendency of this action. (ECF No. 8, Mot. at 1-2.)

The purpose of a temporary restraining order or a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction [or temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a temporary restraining order or preliminary injunction simply cannot prevail when that motion is unsupported by evidence.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95 102 (1983); Valley Forge Christian Coll. V. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Plaintiff is advised that, "a court has *no* power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) (emphasis added); S.E.C. v. Ross, 504 F.3d 1130, 1138-39 (9th Cir. 2007). In this case, no Defendant has yet made an appearance, as the Court has yet to determine if Plaintiff states a cognizable claim for relief. Whatever merit there might otherwise be to Plaintiff's requests for a preliminary injunction, at this juncture the Court lacks personal jurisdiction over the Defendants and it cannot issue an order requiring them to take any action or refrain from any action. Zenith Radio Corp., 395 U.S. at 110; Ross, 504 F.3d at 1138-39. Accordingly, Plaintiff's requests for injunctive relief shall be denied, without prejudice.

## II.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's requests for injunctive relief be denied, without prejudice.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 2, 2017**

UNITED STATES MAGISTRATE JUDGE