**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DONNA M.B. ANDERSON,<br><br>   Plaintiff,<br><br>   v.<br><br>DARRELL ADAMS, et al.,<br><br>   Defendants. | Case No.: 1:16-cv-01931-DAD-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO WAIVE SCREENING REQUIREMENT, DENYING MOTION TO COMPEL, DENYING MOTION TO WAIVE PAGE LIMITATION, DENYING MOTION FOR SUMMARY JUDGMENT, WITHOUT PREJUDICE, VACATING ORDER TO SUBMIT IN FORMA PAUPERIS APPLICATION, AND DENYING REQUEST FOR SERVICE BY THE UNITED STATES MARSHAL, WITHOUT PREJUDICE<br><br>[ECF Nos. 6, 7, 9, 10, 11, 12, 13] |

Plaintiff Donna M.B. Anderson is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff declined United States Magistrate Judge jurisdiction; therefore, this action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff filed the instant civil rights complaint on December 28, 2016. On this same date, Plaintiff filed a motion for a preliminary injunction, which is pending review by the Court. (ECF No. 3.)

On January 30, 2017, Plaintiff filed several motions, including a motion to waive the screening requirement, motion to compel the immediate deposition of Defendant Mary Anne Di Vincenzo, motion for a preliminary injunction and order to show cause, motion for the Court to rescind the order regarding in forma pauperis application, motion for summary judgment, and motion to waive page limitation for memorandum in support of motion for summary judgment. (ECF Nos. 6-13.)

With the exception of Plaintiff's requests for injunctive relief, the Court will address Plaintiff's motions below.[1]

## I.
## DISCUSSION

### A. Request for Waiver of Screening Requirement

Plaintiff requests that this Court waive the screening requirement pursuant to 28 U.S.C. § 1915A, and allow her to file a motion for summary judgment.

As stated in the Court's December 29, 2016, First Informational Order, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The screening requirement is statutory mandated in this instance and the Court cannot waive such requirement. Thus, Defendants are not required to file an answer or other pleading in response to Plaintiff's complaint until after the Court has completed its mandatory screening process to determine whether Plaintiff states any cognizable claims. Furthermore, as stated in the Court's December 29, 2016, order, the Court has an extremely large number of pro se plaintiff civil rights cases pending before it and the Court will screen the complaint in due course. Accordingly, Plaintiff's motion to waive the screening requirement shall be denied.

### B. Motion to Compel

Plaintiff seeks to compel the immediate deposition of Defendant Mary Ann Di Vincenzo.

As stated in the Court's December 29, 2016, First Informal Order, "[a]fter defendants' answers are filed, the Court will issue an order opening discovery and setting deadlines for completing discovery, amending the pleadings, and filing dispositive motions. No discovery may be initiated until the Court issues a discovery order or otherwise orders that discovery begin." (ECF No. 4, ¶ V.) Because the Court has yet to screen the complaint and order service, discovery is premature at the present time, and Plaintiff's motion to compel shall be denied, without prejudice.

///

---

[1] Plaintiff's requests for injunctive relief will be addressed by separate issuance of Findings and Recommendations.

### C.  Order Regarding Application to Proceed In Forma Pauperis

On January 4, 2017, the Court issued an order directing Plaintiff to pay the filing fee or submit an application to proceed in forma pauperis. Inasmuch as Plaintiff paid and the Court received the $400 filing fee on January 23, 2017, the Court's January 4, 2017, shall be vacated.

### D.  Motion for Summary Judgment

Plaintiff's motion for summary judgment is premature and must be denied without prejudice. As stated above in section A, the undersigned is required to screen complaints in civil actions in which prisoners seek relief from governmental entities, officers or employees. 28 U.S.C. § 1915A(a). No screening has yet occurred and service of Plaintiff's complaint has not yet been authorized. Should Plaintiff's complaint proceed beyond the screening stage, the Court will order service, and issue an order setting a schedule for discovery and dispositive motions. Thus, at this juncture, dispositive motions such as Plaintiff's motion for summary judgment are premature, and the motion is therefore denied, without prejudice, to re-filing at the appropriate stage of this litigation.

### E.  Service by the United States Marshal

Plaintiff paid the filing fee for this action and is therefore not entitled to automatic service of process by the United States Marshal. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). However, Plaintiff has requested service by the United States Marshal, and upon a showing of good cause, the Court may grant a request for service by the United States Marshal. The Court will consider such request if and when service of the complaint is ordered by the Court. At the present time, service is premature as the Court has yet to screen the complaint and order service. Accordingly, Plaintiff's motion for service by the United States Marshal will be denied, without prejudice, to re-filing at a later time, if appropriate.

### I.

### ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for waiver of the screening requirement pursuant to 28 U.S.C. § 1915A is denied;

2. Plaintiff's motion to compel is denied;

3

3. The Court's January 4, 2017, order directing payment of the filing or submission of application to proceed in forma pauperis is vacated;

4. Plaintiff's motion for summary judgment and request to exceed page limitation is denied, without prejudice; and

5. Plaintiff's motion for service of the complaint by the United States Marshal is denied, without prejudice.

IT IS SO ORDERED.

Dated:   **February 2, 2017**

UNITED STATES MAGISTRATE JUDGE